JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lisa Harmon
408 Knobsville Road
McConnellsburg, PA 17233

**(b)** County of Residence of First Listed Plaintiff   Fulton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Phila, PA 19102
Tel: 267-546-0131

## DEFENDANTS
JLG Industries, Inc.
1 JLG Drive
McConnellsburg, PA 17233

County of Residence of First Listed Defendant   Fulton
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 790 Other Labor Litigation | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 791 Employee Retirement Income Security Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 12101 et seq

Brief description of cause:
Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   7/13/2021

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LISA HARMON                          :
408 Knobsville Road                  :
McConnellsburg, PA 17233             :
                                     :          JURY OF TWELVE DEMANDED
        Plaintiff,                   :
                                     :
        v.                           :
                                     :
JLG INDUSTRIES, INC.                 :          No.:
1 JLG Drive                          :
McConnellsburg, PA 17223             :
                                     :
        Defendants                   :

## CIVIL ACTION COMPLAINT

### I. Parties and Reasons for Jurisdiction.

1.      Plaintiff, LISA HARMON (hereinafter "Plaintiff") is an adult individual residing

at the above address.

2.      Defendant, JLG INDUSTRIES, INC. (hereinafter "Defendant") is a business

corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a

principal place of business at the address captioned above.

3.      At all times material hereto, Defendant employed Plaintiff at its 1 JLG Drive,

McConnellsburg location as set forth above and qualified as Plaintiff's employer under the

Americans with Disabilities Act and the Pennsylvania Human Relations Act ("PHRA").

4.      Plaintiff exhausted her administrative remedies pursuant to the Equal

Employment Opportunity Act and the Pennsylvania Human Relations Act.  (See Exhibit A, a

true and correct copy of a dismissal and notice of rights issued by the Pennsylvania Human

Relations Commission.)

5.      This action is instituted pursuant to the Americans with Disabilities Act, the Family and Medical Leave Act, the Pennsylvania Human Relations Act and applicable federal and state law.

6.      This Honorable Court has subject matter jurisdiction over this lawsuit.

7.      Venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.  Plaintiff was working for Defendant in the Middle District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II.  Operative Facts.**

8.      On or about December 4, 2017, Plaintiff was hired by Defendant as a Material Support worker.

9.      At all times material to her employment with Defendant, Plaintiff was qualified for her position and performed all her job duties to Defendant's satisfaction and without any complaint or issue.

10.      At all times material to her employment with Defendant, Plaintiff had a deteriorating disc in her lumbar spine due to a previous injury.

11.      During the course of her employment, Plaintiff re-injured her back due to her job duties which included lifting fifteen (15) pound crates throughout the day.

12.      On or about January 17, 2019, Plaintiff applied for and Defendant approved an FMLA leave so Plaintiff could undergo treatment for her disability.

13.      Plaintiff was informed by her physician that she was not cleared to return to work until approximately October of 2019.

14.     Plaintiff informed Defendant that she would be likely to return in October without restrictions per the instructions of her doctor.

15.     On or about July 16, 2019, Plaintiff received a call from Defendant's human resources representative, Jessica Hayhurst.

16.     During this call, Ms. Hayhurst indicated that if Plaintiff was unable to return to work without restrictions, her employment would be terminated.

17.     Defendant was aware that Plaintiff was not cleared to return to work without restrictions until at least October of 2019.

18.     On July 16, 2019, Plaintiff received a letter from Ms. Hayhurst indicating that her employment with Defendant was terminated.

19.     Defendant failed to accommodate Plaintiff in violation of the Americans with Disabilities Act.

20.     Defendant failed to engage in a meaningful back and forth discussion with Plaintiff about an accommodation.

21.     As set forth above, Defendant terminated Plaintiff's employment because of her disability.

22.      As a direct and proximate result of Defendant's conduct in terminating Plaintiff, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, pain and suffering and other damages as set forth below.

**III.  Causes of Action.**

**COUNT I– AMERICANS WITH DISABILITIES ACT**
**(42 U.S.C.A. § 12101 et seq)**
**(Plaintiff v. Defendants)**

23.     Plaintiff incorporates paragraphs 1-22 as if fully set forth at length herein.

24.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., an employer may not discriminate against an employee based on a disability.

25.     Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

26.     Defendants are an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

27.     At all times material hereto, Plaintiff had a qualified disability, as described above.

28.     Defendants failed to accommodate or otherwise engage in a meaningful back and forth towards the development of a reasonable accommodation.

29.     Defendants' conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

30.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, liquidated damages as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

31.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

32.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq
Plaintiff demands attorneys fees and court costs.

## COUNT II – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### (43 P.S. § 955)

33.     Plaintiff incorporates paragraphs 1-32 as if fully set forth at length herein.

34.     At all times material hereto, and pursuant to the Pennsylvania Human Relations
Act, 43 P.S. § 951, et seq,, an employer may not discriminate against an employee based on a
disability.

35.     Plaintiff is a qualified employee and person within the definition of Pennsylvania
Human Relations Act, 43 P.S. § 951, et seq,.

36.     Defendant is an "employer" and thereby subject to the strictures of the
Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

37.     At all times material hereto, Plaintiff had a qualified disability, as described
above.

38.     Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a
result of her disability and constitutes a violation of the Pennsylvania Human Relations Act, 43
P.S. § 951, et seq,.

39.     Defendant failed to accommodate Plaintiff's disability.

40.     As a proximate result of Defendant's conduct, Plaintiff sustained significant
damages, including but not limited to: great economic loss, future lost earning capacity, lost
opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as
personal injury, emotional distress, pain and suffering, consequential damages and Plaintiff has
also sustained work loss, loss of opportunity, and a permanent diminution of her earning power
and capacity and a claim is made therefore.

41.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.,

Plaintiff demands attorneys fees and court costs.

### COUNT III – VIOLATION OF FMLA—RETALIATION
### (29 U.S.C. §2601 et seq.)

42.     Plaintiff incorporates paragraphs 1-41 as if fully set forth at length herein.

43.     As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA,

29 U.S.C. §2601, et seq.

44.     As described above, Defendants terminated Plaintiff's employment, an adverse

action, in retaliation for her exercising her rights to take FMLA leave.

45.     Defendants' motivation in terminating Plaintiff's employment was based, in part,

upon her application and utilization of FMLA leave.

46.     As a proximate result of Defendants' conduct, Plaintiff sustained significant

damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional

distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss,

loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is

made therefore.

47.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby

demands punitive and/or liquidated damages.

48.     Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq

Plaintiff demands attorneys fees and court costs.

**IV.  Relief Requested.**

**WHEREFORE,** Plaintiff LISA HARMON demands judgment in her favor and against

Defendant, JLG INDUSTRIES, INC. in an amount in excess of $150,000.00 together with:

A.   Compensatory damages, including but not limited to: back pay, front pay, past lost

   wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost

   benefits, lost future earning capacity, injury to reputation, mental and emotional

   distress, pain and suffering

B.  Punitive damages;

C.  Attorneys fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:_____

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard,  Suite 1240
Philadelphia, PA 19110
Attorney for Plaintiff, Lisa Harmon

Date:___7/13/2021___

# EXH. A



**pennsylvania**
HUMAN RELATIONS COMMISSION

December 15, 2020

Lisa Harmon
408 Knox Street
Mc Connellsburg, PA 17233

RE:  Lisa Harmon Vs. JLG Industries, Inc.
     Case No. 201902096
     EEOC No. 17F202060147

Dear Lisa Harmon,

It has been one year since you filed your complaint with the Pennsylvania Human Relations Commission. This is to notify you that you now have the right to bring an action in the appropriate Pennsylvania Court of Common Pleas based on the alleged violations of the PHRAct contained in your Commission complaint. This right is provided under Section 12(c) of the Human Relations Act, 43, P.S. § 962(c).

Please be advised that you are not required to file such an action in the State Court of Common Pleas. The Commission is continuing to process your case, and we will make every effort to resolve it as soon as possible. If we are not notified otherwise, we will assume that you want the Commission to continue handling your case.

If you do file a complaint in a Court of Common Pleas, the Commission will dismiss your complaint. This means that you will be unable to have the Commission decide your case even if your complaint is dismissed in State Court because of a procedural error. Procedural errors may include filing the complaint in State Court in the wrong county or filing in State Court after your time to file has expired. For this reason, you should make every effort to assure that any complaint you file in State Court will be properly filed before you file it.

If you believe you might want to take your case to State Court, we suggest that you consult a private attorney about representing you in that action. This should be done before you file the complaint so that your attorney may advise you on the best course of action for you to take.

Should you file a complaint in State Court, you are required by Section 12(c)(2) of the PHRAct to serve the Human Relations Commission with a copy of the Court complaint. This copy must be served on the Commission at the same time you file it in Court. The copy is to be sent to:

          Chief Counsel
          Pennsylvania Human Relations Commission Executive Offices
          333 Market Street, 8th Floor
          Harrisburg, PA 17104-2210

If you have any questions concerning this matter, please feel free to contact the investigator who is handling your case.

Very Truly yours,

Jinada Rochelle

Jinada Rochelle

Enforcement Office

cc: Scott K. Johnson, Esq.